**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X

Otniel Batista, *on behalf of himself and others similarly situated in the proposed FLSA Collective Action,*

                          *Plaintiff,*

     - against -

Approved Oil Co. of Brooklyn, Inc., Approved Energy LLC, SAF Transportation LLC, and Vincent Theurer,

                          *Defendants*.

-------------------------------------------------------------X

Case No.:

**Jury Trial Demanded**

**COMPLAINT**

       Plaintiff Otniel Batista ("Plaintiff" or "Batista"), on behalf of himself and others similarly situated, by and through his attorneys, Levin-Epstein & Associates, P.C., upon personal knowledge as to himself and upon information and belief as to others, brings this complaint against Defendants Approved Oil Co. of Brooklyn, Inc., Approved Energy LLC, SAF Transportation LLC (collectively, the "Corporate Defendants"), and Vincent Theurer (the "Individual Defendant", and together with the Corporate Defendants, the "Defendants"), and states as follows:

### NATURE OF THE ACTION

     1.     The Individual Defendant owns and operates an oil and fuel delivery and service company, known as "Approved Oil".

     2.     Approved Oil prides itself on being "one of the largest independently owned residential energy companies in the NYC metropolitan area." [1]

     3.     Approved Oil touts their "phenomenal growth[,]" having grown their "business

---

[1] *See* https://approvedoil.com/about-us/senior-management-team.php (last accessed March 24, 2023).

five-fold in a 10-year span[,]" with over " 150 employees and 84 vehicles, operating out of [their] new, state-of-the-art facility in Bayridge, Brooklyn."[2]

4. Defendants promote[3] a holistic image as a good corporate citizen when the truth is that they have no qualms about misappropriating and pilfering wages from their drivers, including Plaintiff.

5. Defendants have an insidious reputation of dodging the costs of doing business and gain a competitive advantage.[4] To accomplish their business goals, Defendants fail to pay their drivers, including Batista, legally required wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and New York State Labor Law ("NYLL"), including overtime.

6. Plaintiff brings this lawsuit seeking recovery, for himself and all other similarly situated individuals, against Defendants' violations of the FLSA, and violations of Articles 6 and 19 of the NYLL and their supporting New York State Department of Labor regulations.

7. Plaintiff seeks injunctive and declaratory relief and to recover unpaid overtime wages, liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA, NYLL, and the NYLL's Wage Theft Prevention Act ("WTPA").

**JURISDICTION AND VENUE**

8. The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216 (b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

9. This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28

---

[2] *See* https://approvedoil.com/about-us/ (last accessed March 24, 2023).
[3] *Id.*; *see also* https://approvedoil.com/about-us/senior-management-team.php ("[The Individual Defendant] takes contributions to the local community very seriously and, in doing so, has been an honorary alumnus to three of NYC's private schools…") (last accessed March 24, 2023).
[4] *See, e.g., Lipinski et al v. Approved Plumbing and Fire Protection LLC et al.,* Case No.: 1:19-cv-04534-ST at Dckt. No. 45 (E.D.N.Y. 2021).

U.S.C. § 1331 because his claims arise under the FLSA.

10. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFF OTNIEL BATISTA**

11. Plaintiff Batista was employed as a delivery driver at Approved Oil.

12. Plaintiff Batista was employed as a non-managerial employee at Approved Oil from approximately December 3, 2018 to, through and including, November 15, 2022.

13. At all relevant times, Plaintiff has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

14. At all relevant times, Plaintiff has been a manual worker within the meaning of NYLL § 191(1)(a).

**DEFENDANT APPROVED OIL CO. OF BROOKLYN, INC.**

15. Upon information and belief, Defendant Approved Oil Co. of Brooklyn, Inc. maintains a principal place of business at 6717 4th Ave. Brooklyn, NY 11220, and an alternate address at 65 2nd Ave., Brooklyn, NY 11220.

16. At all times relevant to this Complaint, Defendant Approved Oil Co. of Brooklyn, Inc.: (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

17. At all times relevant to this Complaint, Defendant Approved Oil Co. of Brooklyn,

Inc. was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

18. At all times relevant to this Complaint, Defendant Approved Oil Co. of Brooklyn, Inc. was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

19. Defendant Approved Oil Co. of Brooklyn, Inc. possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

20. Defendant Approved Oil Co. of Brooklyn, Inc. had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

**DEFENDANT APPROVED ENERGY LLC**

21. Upon information and belief, Defendant Approved Energy LLC maintains a principal place of business at 6717 4th Ave. Brooklyn, NY 11220, and an alternate address at 65 2nd Ave., Brooklyn, NY 11220.

22. At all times relevant to this Complaint, Defendant Approved Energy LLC: (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

23. At all times relevant to this Complaint, Defendant Approved Energy LLC was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times

relevant to this Complaint, employed employees, including Plaintiff.

24. At all times relevant to this Complaint, Defendant Approved Energy LLC was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

25. Defendant Approved Energy LLC possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

26. Defendant Approved Energy LLC had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

**DEFENDANT SAF TRANSPORTATION LLC**

27. Upon information and belief, Defendant SAF Transportation LLC maintains a principal place of business at 6717 4th Ave. Brooklyn, NY 11220, and an alternate address at 65 2nd Ave., Brooklyn, NY 11220.

28. At all times relevant to this Complaint, Defendant SAF Transportation LLC: (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

29. At all times relevant to this Complaint, Defendant SAF Transportation LLC was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

30. At all times relevant to this Complaint, Defendant SAF Transportation LLC was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

31. Defendant SAF Transportation LLC possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

32. Defendant SAF Transportation LLC had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

**DEFENDANT VINCENT THEURER**

33. Defendant Vincent Theurer is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

34. Defendant Vincent Theurer is the "President & CEO" [5] of Approved Oil.

35. Defendant Vincent Theurer is responsible for "the daily operations"[6] at Approved Oil.

36. Defendant Vincent Theurer is sued individually and in their capacity as an owner, officer and/or agent of the Corporate Defendants.

37. Defendant Vincent Theurer possesses or possessed operational control over the Corporate Defendants, or controlled significant functions of the Corporate Defendants.

38. Defendant Vincent Theurer determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee

---

[5] *See* https://approvedoil.com/about-us/senior-management-team.php (last accessed March 24, 2023).
[6] *Id*.

6

records, and had the authority to hire and fire employees.

39. At all times relevant to this Complaint, Defendant Vincent Theurer was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and NYLL Section 190(3), and employed employees, including Plaintiff.

**DEFENDANTS CONSTITUTE JOINT EMPLOYERS**

40. Defendants own, operate and/or control Approved Oil.

41. The Individual Defendant possesses operational control over the Corporate Defendants, possesses an ownership interest in the Corporate Defendants, and controls significant functions of the Corporate Defendants.

42. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

43. Each Defendant possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

44. Defendants jointly employed Plaintiff, and all similarly situated individuals, and are Plaintiff's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

45. In the alternative, Defendants constitute a single employer of Plaintiff and/or similarly situated individuals.

46. Upon information and belief, the Individual Defendant operates the Corporate Defendants as either an alter ego of themselves, and/or fail to operate the Corporate Defendants

7

as entities legally separate and apart from themselves, by, among other things:

    a.    failing to adhere to the corporate formalities necessary to operate the Corporate Defendants as separate and legally distinct entities;

    b.    defectively forming or maintaining the Corporate Defendants, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

    c.    transferring assets and debts freely as between all Defendants;

    d.    operating the Corporate Defendants for their own benefit as the majority shareholder;

    e.    operating the Corporate Defendants for their own benefit and maintaining control over it as closed corporations or closely controlled entities;

    f.    intermingling assets and debts of their own with the Corporate Defendants;

    g.    diminishing and/or transferring assets of the Corporate Defendants to protect their own interests; and

    h.    other actions evincing a failure to adhere to the corporate form.

47.    At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

48.    Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

## FACTUAL ALLEGATIONS

49.    Plaintiff and other similarly situated individuals are individuals who have worked for Defendants in similarly-titled, hourly paid position, during the statutory period.

50. Plaintiff and other similarly situated individuals all shared similar job titles, training, job descriptions and job tasks, during the statutory period.

51. Plaintiff was an employee of Defendants.

52. Plaintiff was employed as a delivery driver at Approved Oil.

53. Plaintiff's responsibilities included delivering diesel fuel to Defendant's clients, across the NYC metropolitan area.[7]

54. From approximately December 3, 2018 to, through and including, November 15, 2022, Plaintiff worked five (5) days per week, as follows: Monday, Tuesday, Thursday and Friday from approximately 1:00 p.m. to 2:00 a.m. or 3:00 a.m. (*i.e.,* 13 or 14 hours per day), and Wednesday from approximately 5:00 p.m. to 1:00 a.m. or 2:00 a.m. (*i.e.,* 8 or 9 hours per day), for a total period of approximately 60 to 65 hours during each of the weeks, respectively.

55. At the beginning of each workday, Plaintiff would report to Defendants' garage, located at 65 2nd Ave., Brooklyn, NY 11220, where he would pick up his assigned truck.

56. At the beginning of each workday, Plaintiff would log his "start-time" using an electronic timekeeping system, located within his assigned truck.

57. On Mondays, Tuesdays, Thursdays and Fridays, Plaintiff would depart from the garage to fill his truck with diesel fuel, at a fueling center located at 57-01 Flushing Ave., Queens, NY 11378.

58. From the fueling center[8], Plaintiff would depart to his scheduled route.

59. Plaintiff's scheduled route included various construction sites, and commercial businesses located across the NYC metropolitan area.

---

[7] *See also* https://approvedoil.com/about-us/service-area.php (last accessed March 24, 2023).
[8] On Wednesdays, Plaintiff would depart from the garage to the first dueling destination on his scheduled route.

9

60. For example, Plaintiff would typically drive from the fueling center[9], to a construction site located in Corona, Queens, where he would deliver diesel fuel.

61. From there, he would travel to another construction site[10] in Brooklyn, to deliver diesel fuel.

62. From there, Plaintiff would travel to another site in Brooklyn, to deliver diesel fuel.

63. From there, Plaintiff would travel to a bakery, off of the Long Island Expressway, to deliver diesel fuel.

64. From there, Plaintiff would travel to U.S. Concrete, at 120-05 31st Ave. Flushing, N.Y. 11354.

65. From there, Plaintiff would travel to his last stop in the Bronx.

66. At the end of each workday, Plaintiff would report back to Defendants' garage, located at 65 2nd Ave., Brooklyn, NY 11220, where he would drop-off his assigned truck.

67. At the end of each workday, Plaintiff would log his "end-time" using an electronic timekeeping system, located within his assigned truck.

68. From approximately December 3, 2018 to, through and including, December 2020, Defendants paid Plaintiff $25 per hour.

69. From approximately January 2021 to, through and including, December 2021, Defendants paid Plaintiff $30 per hour.

70. From approximately January 2022 to, through and including, November 15, 2022, Defendants paid Plaintiff $31 per hour.

71. Each week, Plaintiff would only receive overtime payments for some, but not all,

---

[9] On Wednesdays, Plaintiff would depart from the garage to the first dueling destination on his scheduled route.
[10] Upon information and belief, this construction site was located at or around 3rd Ave., and 21st St., in Brooklyn, NY 11232. Upon further information and belief, this construction company was known as "Kamcom".

of his overtime hours worked.

72. Despite the fact that Plaintiff would regularly work 60 to 65 hours each week, Plaintiff would typically only receive payments for the first 41 or 43 hours of his work.

73. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff regarding wages are required under the FLSA or NYLL.

74. Defendants did not provide Plaintiff a statement of wages, as required by NYLL 195(3).

75. Defendants did not give any notice to Plaintiff of his rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

76. Defendants' failure to provide accurate wage notices and accurate wage statements denied Plaintiff their statutory right to receive true and accurate information about the nature of their employment and related compensation policies.

77. Moreover, the breach of the obligations injured Plaintiff by denying them the right to know the conditions of their compensation and resulted in the underpayment of wages averred above.

78. At all relevant times, Defendants did not pay Plaintiff at the rate of one and one-half times his hourly wage rate for hours worked in excess of forty per workweek.

### FLSA COLLECTIVE ACTION ALLEGATIONS

79. Plaintiff brings the First Claim for Relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all non-exempt persons (including but not limited to delivery drivers) employed by Defendants on or after the date that is six years before filing of the Complaint in this case, as defined herein ("FLSA Collective Plaintiffs").

80. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been

similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them at the legally required overtime wage for all hours worked in excess of forty hours per work week. These claims of the Plaintiff are essentially the same as those of the FLSA Collective Plaintiffs.

81. The First Claim for Relief are properly brought under and maintained as an opt-in collective action pursuant to under FLSA §16(b), 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and others related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants

82. Plaintiff reserves the right to re-define the FLSA Collective Plaintiffs prior to notice or collective certification, and thereafter, as necessary.

**FIRST CLAIM**
**(FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq*.)**

83. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

84. At all relevant times to this action, Plaintiff is a covered, non-exempt employee within the meaning of the FLSA.

85. Defendants were required to pay Plaintiff one and one-half (1 1/2) times the regular rate at which Plaintiff was employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

86. Defendants failed to pay Plaintiff the overtime wages to which he is entitled under the FLSA.

87. Defendants willfully violated the FLSA by knowingly and intentionally failing to

pay Plaintiff overtime wages.

88. Due to Defendants' willful violations of the FLSA, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, is entitled to recover his unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## SECOND CLAIM
### (NYLL – Unpaid Overtime Wages)

89. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

90. Plaintiff is covered, non-exempt employee within the meaning of the NYLL and supporting New York Department of Labor ("NYDOL") Regulations.

91. Under the NYLL and supporting NYDOL Regulations, Defendants are required to pay Plaintiff one and one half times the regular rate of pay, which shall not be less than the minimum wage, for all hours they worked in excess of forty.

92. Defendants failed to pay Plaintiff the overtime wages to which he is entitled under the NYLL.

93. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff overtime wages.

94. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## THIRD CLAIM
### (NYLL WTPA– Failure to Provide Wage Notices)

95. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth

herein.

96. The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

97. In violation of NYLL §195 (1), Defendants failed to furnish to Plaintiff at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

98. Due to Defendants' violations of NYLL §195 (1), Plaintiff is entitled to recover his liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-b).

## FOURTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

99. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

100. With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each of the following the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

101. As a result of Defendant's violation of the WTPA, Plaintiff is entitled to damages of at least $150 per week during which the violations occurred.

## FIFTH CLAIM
### (NYLL – Spread-of-Hours Pay)

102. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

103. Defendants willfully failed to pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which the Plaintiff's shifts spread over more than ten (10) hours.

104. By Defendants' failure to pay Plaintiff spread-of-hours pay, Defendants willfully violated §650 *et seq.* of the NYLL and violated the supporting NYDOL regulations, including, but not limited to, 12 N.Y. C.R.R. §146-1.6.

105. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover an amount prescribed by statute, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## SIXTH CLAIM
### (Failure to Pay Timely Wages)

106. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

107. NYLL § 191(1)(a) prohibits employers from paying manual workers at no less than on a weekly basis.

108. As described above, throughout their employment with Defendants, Plaintiff was underpaid their wages each week.

109. As a result of Defendants' violation of NYLL § 191(1)(a), Plaintiff is entitled to

recover their liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-a).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment:

a. authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as nonexempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b. certification of this case as a collective action pursuant to the FLSA;

c. issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the FLSA Collective Plaintiffs;

d. declaring that Defendants violated the overtime wage provisions of the FLSA, the NYLL and the NYDOL regulations;

e. declaring that Defendants violated the notice statement pay provisions of the NYLL and WTPA;

f. awarding Plaintiff unpaid overtime wages;

g. awarding unpaid wages under New York State law for failure to pay timely wages;

h. awarding Plaintiff liquidated damages in an amount equal to the total amount of wages found to be due;

i. awarding Plaintiff statutory damages as a result of Defendants' failure to furnish accurate wage notice pursuant to the NYLL;

j. awarding Plaintiff pre- and post-judgment interest under the NYLL;

k. awarding Plaintiff reasonable attorneys' fees and the costs and disbursements of

this action; and

l.  Such other relief as this Court deems just and proper.

Dated: New York, New York
       March 28, 2023                    Respectfully submitted,


                                         By: /s/ Joshua Levin-Epstein
                                             Joshua Levin-Epstein
                                             Jason Mizrahi
                                             Levin-Epstein & Associates, P.C.
                                             60 East 42nd Street, Suite 4700
                                             New York, New York 10165
                                             Tel: (212) 792-0046
                                             Email: Joshua@levinepstein.com
                                             *Attorneys for the Plaintiff and proposed FLSA Collection Action Plaintiffs*